UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN MARIE ALDERTON,

    Plaintiff,

v.

    Case No. 1:14-cv-1054
    Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for Supplemental Security Income (SSI).

Plaintiff was born in 1962. PageID.209. She completed the 11th grade and had previous employment as a gas station clerk, dishwasher and orchard laborer. PageID.214-215. Plaintiff filed a previous application for benefits. An administrative law judge (ALJ) denied her application, finding that plaintiff has not been under a disability from November 1, 2007 through September 9, 2011. PageID.113-121. In the present case, plaintiff alleged a disability onset date of September 10, 2011. PageID.209. Plaintiff identified her disabling conditions as problems with her heart, back and neck, depression, and high blood pressure. PageID.213. An ALJ reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on May 24, 2013. PageID.62-73. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

### I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than twelve months. *See* 20 C.F.R. §416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the

3

plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since her SSI application date of November 29, 2011. PageID.64. At the second step, the ALJ found that plaintiff had the following severe impairments: coronary artery disease with status post stent placement in 2009; left hip degenerative joint disease; cervical spine degenerative disc disease; lumbar spine degenerative disc disease; left ankle degenerative joint disease; and obesity. *Id.* At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.67.

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b) except 404.1567(b) and 416.967(b) [sic] except she can push and pull up to 10 pounds frequently. The claimant can stand and walk up to two hours out of an 8-hour workday. She can sit up to six hours in an 8-hour workday with normal breaks. The claimant can occasionally stair and ramp climb but can never climb ropes, ladders, or scaffolds. She can occasionally stoop, kneel, crouch, but never crawl. The claimant can perform no repetitive flexion and extension of the neck. She has no manipulative, visual, or communication limitations. The claimant must avoid concentrated exposure to heat, humidity, cold, gases, and fumes. She must avoid concentrated exposure to unprotected heights and dangerous machinery. The claimant's work would be limited to unskilled labor. She has no limitations regarding concentration, persistence, and pace. The claimant has no social deficits.

PageID.68. This residual functional capacity (RFC) assessment, contains the same limitations as the RFC finding in the 2011 decision. PageID.62. In this regard, the ALJ found that "the evidence submitted in the current claim does not impose any additional limitations than those enumerated in

the prior decision dated September 9, 2011. *Drummond v. Commissioner of Social Security*, 126 F. 3d. 837 (6th. Cir. 1997); AR 98-4(6)." PageID.71. The ALJ also determined that plaintiff is unable to perform any past relevant work. *Id.*

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled, light exertional jobs in the national economy. PageID.72. The ALJ noted that in the 2011 decision, the vocational expert (VE) testified that plaintiff could perform the following unskilled, light work in the region (Lower Peninsula of Michigan) and the nation: surveillance system monitor (1,400 jobs in the region, 150,000 in the nation); order clerk (1,110 jobs in the region, 130,000 in the nation); and charge account clerk (1,200 jobs in the region, 160,000 in the nation). PageID.73. In the present case, which incorporated the same RFC, the VE testified that plaintiff could perform the following unskilled, light work: "cashier II" (12,000 jobs in the "local economy," 412,000 jobs nationally); parking lot attendant (394 jobs "locally", 21,712 jobs nationally); furniture rental consultant (700 jobs "in the local Michigan economy," and 25,000 jobs in the national economy). *Id.* Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, since November 29, 2011, the date the application for SSI was filed. *Id.*

### III. ANALYSIS

Plaintiff raised three issues on appeal.

**A.   The ALJ improperly determined that plaintiff has the capacity to perform a light range of work which was harmful because were plaintiff properly placed in the sedentary range of work, she should be found disabled under the medical-vocational guidelines as of November 11, 2012.**

Plaintiff contends that the ALJ's RFC determination was internally inconsistent because it found that plaintiff could perform light work, but limited her pushing and pulling only 10 pounds. PageID.386. Under the regulations,

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967(b).

The Court finds no inconsistency here. The RFC determination found that plaintiff could perform a limited range of light work, i.e., she could lift and carry up to 20 pounds. Her ability to perform the full range of light work was reduced with respect to pushing and pulling, which was limited to 10 pounds. Plaintiff's ability to perform pushing and pulling would be consistent with sedentary work. *See* 20 C.F.R. § 416.967(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. . .").

> Where a claimant's RFC is in between two exertional levels, such as the case here where the ALJ found that [the claimant] could perform a limited range of light work, the grid guidelines, which reflect only common - and not all -patterns of vocational factors, are not binding and are instead used only as an analytical framework. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(d). In such a situation, a VE is brought in to testify as to whether a significant number of jobs exist in the national economy that a hypothetical individual with the claimant's limitations can perform. *See* SSR 83-12.

*Anderson v. Commissioner of Social Security*, 406 Fed. Appx. 32, 35 (6th Cir. 2010).[1]  Here, the ALJ did as instructed by SSR 83-12 and obtained the testimony of a VE.  PageID.97-106.  Accordingly, plaintiff's claim of error is denied.

> **B.     The ALJ violated SSR 00-4p by failing to explain in his decision how the conflicts between the VE testimony as to plaintiff's ability to perform other work in the national economy was resolved with the obvious inconsistencies with the Dictionary of Occupational Titles (DOT).**

Next, plaintiff contends that the VE provided information which was inconsistent with the *Dictionary of Occupational Titles* ("*DOT*") and that the ALJ failed to develop the record to resolve the inconsistencies.  The Sixth Circuit has rejected the argument that the Commissioner is bound by the *DOT*'s characterization of occupations, holding that "the ALJ and consulting vocational experts are not bound by the Dictionary in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's definitions." *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003), citing *Conn v. Secretary of Health & Human Services*, 51 F.3d 607, 610 (6th Cir. 1995).  Under SSR 00-4p, the ALJ has a duty to "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence." *See* SSR 00-4p. The Sixth Circuit has construed this SSR to mean "that the Social Security Administration imposes an affirmative duty on ALJs to ask VEs if the evidence that they have provided 'conflicts with the

---

[1] Social Security Rulings (SSR's) "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the agency. 20 C.F.R. § 402.35(b)(1).  While SSR's do not have the force of law, they are an agency's interpretation of its own regulations and "entitled to substantial deference and will be upheld unless plainly erroneous or inconsistent with the regulation." *Kornecky v. Commissioner of Social Security*, 167 Fed. Appx. 496, 498 (6th Cir. 2006).

information provided in the DOT.'" *Lindsley v. Commissioner of Social Security*, 560 F.3d 601, 606 (6th Cir. 2009).

Here, the ALJ fulfilled that duty when he asked the VE if his testimony was consistent with the *DOT*. PageID.105. The VE responded that it was. *Id.* While plaintiff's counsel examined the VE, he did not object to the VE's testimony regarding consistency with the *DOT*. PageID.105-106. "This Court will not review the ALJ's decision with respect to issues not properly raised at the administrative level." *Maple v. Apfel*, 14 Fed. Appx. 525, 537 (6th Cir. 2001). "The Sixth Circuit, along with other courts across the country, have generally recognized that a claimant's failure to object to testimony offered by a vocational expert, at the time of the administrative proceeding, waives the claimant's right to raise such issues in the district court." *Harris v. Commissioner of Social Security Administration*, No. 1:11-cv-1290, 2012 WL 4434078 at *3 (N.D. Ohio Sept. 24, 2012), citing *Hammond v. Chater*, No. 96-3755, 1997 WL 338719 at *3 (6th Cir. June 18, 1997) (finding the plaintiff's failure to raise objections to the VE's testimony waived the argument on appeal). *Cf. Helton v. Commissioner*, No. 99-5736, 2000 WL 658056 at *2 (6th Cir. May 9, 2000) (claimant's failure to dispute the VE's competency at the administrative hearing forfeits the issue for purposes of judicial review). Accordingly, plaintiff has waived this claim.

### C. The ALJ's credibility determination is unsupported by substantial evidence.

"[C]redibility determinations with respect to subjective complaints of pain rest with the ALJ." *Siterlet v. Secretary of Health and Human Services*, 823 F. 2d 918, 920 (6th Cir. 1987). An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters*, 127 F.3d at 531. "It [i]s for

the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston*, 245 F.3d at 536., *quoting Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972). The court "may not disturb" an ALJ's credibility determination "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The threshold for overturning an ALJ's credibility determination on appeal is so high, that in recent years, the Sixth Circuit has expressed the opinion that "[t]he ALJ's credibility findings are unchallengeable," *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 113 (6th Cir. 2010), and that "[o]n appeal, we will not disturb a credibility determination made by the ALJ, the finder of fact . . . [w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility." *Sullenger v. Commissioner of Social Security*, 255 Fed. Appx. 988, 995 (6th Cir. 2007). Nevertheless, an ALJ's credibility determinations regarding subjective complaints must be reasonable and supported by substantial evidence. *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 249 (6th Cir. 2007).

Here, plaintiff notes that "[t]he ALJ found that Plaintiff was not entirely credible." PageID.391 citing PageID.69. While plaintiff contends that the ALJ's conclusion is unsupported by substantial evidence and legally erroneous, she provides no meaningful argument on this issue. PageID.391-392. Rather, plaintiff states in a conclusory manner that "the ALJ found Plaintiff not credible because he felt the subjective complaints far exceeding [sic] the objective evidence" and that "that there are many instances in the record where it appears a lack of insurance or poor health coverage prevented treatment or required medical visits." PageID.392. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court

9

to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, the court deems this argument waived.

Finally, plaintiff contends that in evaluating her credibility, the ALJ improperly "accorded little weight" to a statement made by plaintiff's friend, Ms. Benedict. PageID.392-393. Ms. Benedict completed a function report which stated, among other things: that plaintiff had trouble standing very long and is always in pain, PageID.232; that plaintiff cannot sleep well and is always waking up in pain, PageID.233; that she needs reminders to take medicine, PageID.234; that she has problems lifting over five pounds, PageID.237; that she has trouble squatting, bending, and kneeling, *id.*; that she has memory problems, *id.*; and, that she cannot follow written instructions, *id.* The ALJ evaluated Ms. Benedicts statement as follows:

> Also, the claimant's friend, Ms. Brandy Benedict, submitted a function report relative to her observations of the claimant and her daily activities (Exhibit 4E). Specifically, Ms. Benedict noted the claimant was unable to work due to her impairments. She also stated that the claimant requires assistance with many household chores. While I have no reason to discredit Ms. Benedict's statement, it is important to note she is not disinterested witnesses whose opinion would not be colored based on her relationship with the claimant. More importantly, although I considered the witnesses' observations and statement, no evidence has been submitted to establish that she is a trained medical professional, and as such, her lay observations and opinions regarding the claimant's medically determinable impairments are only accorded limited weight.

PageID.70.

The ALJ may use evidence of "other" sources to show the severity of a claimant's impairments and how those impairments affect the claimant's ability to work. 20 C.F.R. § 416.913(d). These "other" sources include non-medical sources such as spouses, parents and other care givers, siblings, other relatives, friends, neighbors and clergy. 20 C.F.R. § 416.913(d)(4). Here, the ALJ did not use the appropriate standard to measure Ms. Benedict's statement. The fact

that Ms. Benedict is not a medical professional has nothing to do with whether she can make observations as a lay person under 20 C.F.R. § 416.913(d).

That being said, the ALJ's error in evaluating Ms. Benedict's third-party report was harmless. An ALJ must give perceptible weight to lay testimony when "it is fully supported by the reports of the treating physicians." *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1054 (6th Cir. 1983). *See Simons v. Barnhart*, 114 Fed. Appx. 727, 733 (6th Cir. 2004) ("[t]he testimony of lay witnesses, however, is entitled to perceptible weight *only* if it is fully supported by the reports of the treating physicians") (citing *Lashley*) (emphasis added). As the party attacking the agency's determination, plaintiff has the burden of establishing that the error was harmful. *See Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009). Here, plaintiff has not met this burden because she has not presented any evidence from a treating physician to support the extreme limitations observed by Ms. Benedict. Accordingly, this claim of error is denied.

### IV.  CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.

Date: March 16, 2016          /s/ Ray Kent
                              Ray Kent
                              United States Magistrate Judge